NO. 12-02-00101-CV



IN THE COURT OF APPEALS
 


TWELFTH COURT OF APPEALS DISTRICT



TYLER, TEXAS


THE STATE OF TEXAS FOR
§
 APPEAL FROM THE 



THE BEST INTEREST AND
§
 COUNTY COURT OF



PROTECTION OF M.G.
§
 CHEROKEE COUNTY, TEXAS

 

 Appellant M.G. appeals from a judgment ordering his commitment for temporary inpatient
mental health services pursuant to Tex. Health & Safety Code Ann. § 574.034 (Vernon Supp.
2002). After a hearing, the trial court ordered M.G. committed to Rusk State Hospital for a period
not to exceed ninety days. (1) In five issues, M.G. challenges the legal and factual sufficiency of the
evidence, as well as the trial court's admission of evidence over his objection. We affirm the
judgment of the trial court.


Background


 On March 25, 2002, Steve Peters, patient care coordinator with a Texas Department of
Criminal Justice - Institutional Division psychiatric facility, filed an Application for Court-Ordered
Temporary Mental Health Services with the County Clerk of Cherokee County, Texas. The
application stated that M.G. was mentally ill and that he met the criteria in section 574.034 of the
Texas Mental Health Code for court-ordered temporary mental health services. At the time of the
hearing, M.G. was incarcerated at the Skyview Unit of TDCJ-ID, but was scheduled to be released
on April 4, 2002. 

 The hearing on the application was held on March 27, 2002. In the Order for Temporary In-Patient Mental Health Service, which was signed the same day, the court stated the following:


 That after considering all of the evidence, including the Certificates, the recommendation for the most
appropriate treatment alternative, if any, and the expert, competent medical or psychiatric testimony,
it appears to the Court that the allegations of the Application and Certificates are true and correct and
are supported by clear and convincing evidence that the Patient is mentally ill and as a result of that
mental illness the Patient meets at least one of the following specified additional criteria: is likely to
cause serious harm to himself/herself; or will, if not treated, continue to suffer severe and abnormal
mental, emotional or physical distress and will continue to experience deterioration of his/her ability
to function independently is unable to make a rational and informed decision as to whether or not to
submit to treatment.


See Tex. Health & Safety Code Ann. § 574.034(a)(2)(A), (B), (C) (Vernon Supp. 2002).


Burden of Proof and Standard of Review

 Section 574.034 of the Texas Health and Safety Code contains the criteria for court-ordered
temporary inpatient mental health services. The court may order a proposed patient to receive
temporary inpatient mental health services only if the factfinder concludes from clear and convincing
evidence that the proposed patient is mentally ill and also meets at least one of the additional criteria
set forth in section 574.034(a)(2). Specifically, subsection (a)(2) provides the factfinder must
conclude that as a result of mental illness, the proposed patient:



 is likely to cause harm to himself;


 


 is likely to cause serious harm to others; or



 

 is:



 (i) suffering severe and abnormal mental, emotional, or physical
distress;


 (ii) experiencing substantial mental or physical deterioration of the
proposed patient's ability to function independently, which is
exhibited by the proposed patient's inability, except for reasons
of indigence, to provide for the proposed patient's basic needs,
including food, clothing, health, or safety; and


 (iii) unable to make a rational and informed decision as to whether or
not to submit to treatment.



Tex. Health & Safety Code Ann. § 574.034(a)(2) (Vernon Supp. 2002).

 The State has the burden of establishing by clear and convincing evidence that the proposed
patient meets at least one of the additional criteria listed in section 574.034(a)(2). Mezick v. State,
920 S.W.2d 427, 430 (Tex. App.--Houston [1st Dist.] 1996, no writ). "Clear and convincing
evidence" is an intermediate standard, falling between the preponderance of the evidence standard
of ordinary civil proceedings and the reasonable doubt standard of criminal proceedings. State v.
Addington, 588 S.W.2d 569, 570 (Tex. 1979) (per curiam). The Texas Supreme Court has defined
"clear and convincing evidence" as "that degree of proof which will produce in the mind of the trier
of fact a firm belief or conviction as to the truth of the allegations sought to be established." Id. at
570. When court-ordered temporary mental health services are sought, an additional requirement
for clear and convincing evidence is imposed. To be clear and convincing under subsection (a), the
evidence must include expert testimony and, unless waived, evidence of a recent overt act or a
continuing pattern of behavior that tends to confirm:



 the likelihood of serious harm to the proposed patient or others; or



 (2) the proposed patient's distress and the deterioration of the proposed patient's ability
to function.


Tex. Health & Safety Code Ann. § 574.034(d) (Vernon Supp. 2002). The clear and convincing
standard does not alter the appropriate standard of review. In re Caballero, 53 S.W.3d 391, 395
(Tex. App.--Amarillo 2001, pet. denied). 

Legal Sufficiency of the Evidence

 In reviewing a legal sufficiency or no evidence complaint, the appellate court must consider
only the evidence and inferences tending to support the challenged findings and disregard all
evidence and inferences to the contrary. If there is more than a scintilla of evidence to support the
challenged findings, the no evidence challenge fails. Leitch v. Hornsley, 935 S.W.2d 114, 118 (Tex.
1996). In the context of the State's heightened burden of proof in a temporary commitment case,
a no evidence challenge will be sustained if the evidence is insufficient to produce in the mind of the
factfinder a firm belief or conviction as to the truth of the facts. In re Breeden, 4 S.W.3d 782, 785
(Tex. App.--San Antonio 1999, no pet.).

The Evidence

 At the commitment hearing, the State called one witness, Dr. Wanda Michaels. She testified
that she was M.G.'s treating physician and that she had examined him on March 10, 2002. She
stated that M.G. was suffering from major depressive disorder with recurrent bipolar disorder,
borderline personality disorder with poor impulse control, and anemia. Dr. Michaels indicated that
she believed M.G. was likely to cause serious harm to himself and others and was not able to provide
for his basic needs. In discussing her reasoning, the doctor stated that M.G. has a "persistent pattern
of self-injurious behavior and has shown difficulty in controlling his impulses. I went back two
years and found that he has a repeated history of doing this severe self-injurious behavior. . .." At
this time, counsel objected and took the witness on voir dire. 

 On voir dire, Dr. Michaels admitted that she was not M.G.'s treating physician at the time
of the alleged past injurious behavior and that she had no personal knowledge of the incidents to
which she was referring. She further acknowledged that all of the information to which she was
alluding had been told to her or received by some outside source other than herself. Counsel then
offered his objections to the testimony on the grounds of lack of personal knowledge, hearsay, and
unfair prejudice. The State responded that the medical records were already stipulated as business
records and admitted into the record. But M.G.'s counsel countered that he had reserved the right
to object on the grounds of privilege, prejudice and personal knowledge. On appeal, M.G.'s counsel
further points out that he had stipulated the medical reports were business records, but that there was
no stipulation as to their admission. He also notes that the record does not reflect that any of M.G.'s
medical records were admitted into evidence, nor are they attached to the reporter's record for our
review.

 An expert's opinions and recommendations must be supported by a showing of the factual
basis on which they are grounded. In re J.S.C., 812 S.W.2d 92, 95 (Tex. App.-San Antonio 1991,
no writ). In this case, the factual basis for a portion of Dr. Michaels' opinion was medical reports,
not her own, which were not offered or admitted into evidence. However, Rule 703 of the Rules of
Evidence provides that expert opinions may be based on facts or data not admissible in evidence if
they are of a type reasonably relied upon by experts in the witness' field in drawing conclusions or
inferences upon the subject. Tex. R. Evid. 703. This rule eliminates the need to introduce any
underlying data. See State v. Resolution Trust Corp., 827 S.W.2d 106, 108 (Tex. App.-Austin
1992, writ denied). In a commitment case, medical records clearly provide facts reasonably relied
upon by psychologists and psychiatrists who testify to a patient's recent overt act or a continuing
pattern of behavior. We hold, therefore, that even though a portion of Dr. Michaels' opinion was
based upon documents not in evidence, whatever "facts" she testified to from those documents may
be considered in determining the sufficiency of the evidence.

 At the commitment hearing, Dr. Michaels testified that M.G. suffers from a mental illness,
specifically major depressive disorder with recurrent bipolar disorder, borderline personality disorder
with poor impulse control and anemia. She also stated the following: 


 So going back, the patient does have a repeated history of cutting himself, injuring himself very
seriously. Each time - - there have been several times that he has injured himself that have required
transfusions - - blood transfusions - - because of the seriousness of the cutting that he's done. . .. He
also has been hospitalized several times at both Jester IV facility and at Skyview for his self-mutilative
behavior. And he has been tried on several medications and has been - - which have been unsuccessful
so far sometimes due to his not staying on medications long enough for them to work. He - - at
patient's request, he was taken off of medications and observed in a structured environment at Jester
IV. And after a period of approximately five or six months, he again - - in February of 2002, was
admitted to Crisis Management with a suicidal threat. He cut himself on February 24th, 2002 when -
- for the record - - and he did this while at Jester IV. . .. As I said, February 24th he cut himself. That
was the most recent one. That one was very serious. He lost a large amount of blood. That's why he
has the anemia. He had to go to the hospital to have a blood transfusion due to a large amount of
blood loss.


Dr. Michaels further stated that during her interview of M.G., he admitted that he had a poor
tolerance for stress and that he had a tendency to cut himself in response to stress.

 We hold that this testimony is legally sufficient evidence that M.G. is mentally ill, and that
he engaged in an overt act which showed by clear and convincing evidence that he is a danger to
himself. 

Factual Sufficiency of the Evidence 

 When conducting a factual sufficiency review, this court must consider all of the evidence,
including any evidence contrary to the verdict. Plas-Tex. Inc. v. U.S. Steel Corp., 772 S.W.2d 442,
445 (Tex. 1989). We must reverse on the basis of a factual insufficiency or great weight and
preponderance point if the court's finding is so against the great weight and preponderance as to be
manifestly unjust. Pool v. Ford Motor Co., 715 S.W.2d 629, 635 (Tex. 1986). 

The Evidence

 In addition to the evidence cited in the legal sufficiency analysis, there was also extensive
testimony from M.G.'s mother. None of her testimony, however, supports or detracts from the
ultimate issues in this case. M.G. did not testify. Dr. Michaels testified that M.G. was on
medications, but that he had no record of ever requiring any emergency medications. On cross-examination, Dr. Michaels admitted that M.G.'s condition had improved, that he was able to dress
himself, feed himself, and take care of his personal hygiene without assistance or prompting. The
doctor also stated that M.G. could initiate and respond to conversation. In response to further
questioning, Dr. Michaels acknowledged that M.G. never touched her, nor did he ever threaten to
touch her, that he was "not assaultive," and that he had no suicidal or homicidal ideations. She
agreed that M.G. was not a dangerous individual, and that he was voluntarily on medications for his
mental illness. She concluded by saying that M.G.'s in-house treatment could last as few as four
weeks.

 Considering all of the evidence, including any evidence contrary to the verdict, we cannot
say that the court's finding is so against the great weight and preponderance as to be manifestly
unjust. Accordingly, we hold that there is both legally and factually sufficient evidence to find that
M.G. is mentally ill and that he is likely to cause harm to himself based upon overt acts of self-mutilation. We overrule issue one. 


Admission of Evidence

 In issues two through five, M.G. complains that the trial court erred when it admitted Dr.
Michaels' testimony and M.G.'s medical records (2) into evidence over objections of privilege, lack
of personal knowledge, hearsay, and prejudice. Evidentiary rulings are "committed to the trial
court's sound discretion." City of Brownsville v. Alvarado, 897 S.W.2d 750, 753 (Tex. 1995). A
trial court abuses its discretion when it rules "without regard for any guiding rules or principles." 
Id. at 754. An appellate court must uphold the trial court's evidentiary ruling if there is any
legitimate basis for the ruling. See State Bar of Texas v. Evans, 774 S.W.2d 656, 658 n.5 (Tex.
1989). Moreover, we will not reverse a trial court for an erroneous evidentiary ruling unless the error
probably caused the rendition of an improper judgment. Tex. R. App. P. 44.1(1). 

 Section 611.006 of the Texas Health & Safety Code states that a professional may disclose
confidential information in an involuntary commitment proceeding for court-ordered treatment under
Chapter 574. Tex. Health & Safety Code Ann. § 611.006 (Vernon Supp. 2002). Consequently,
M.G.'s objection that the evidence was privileged has no merit. 

 Once the proper predicate has been laid (3) in accord with Rule 803 of the Texas Rules of
Evidence, the person testifying from that business record is not required to have personal knowledge
of the truth of the contents of that business record. Tex. R. Evid. 803 (exceptions to the hearsay rule
may be invoked without regard to whether the declarant is available to testify); see also Tex. R.
Evid. 703. Therefore, the trial court did not abuse its discretion when it overruled M.G.'s objection
that Dr. Michaels lacked personal knowledge of the information to which she testified.

 Also according to Rule 803 of the Texas Rules of Evidence, as records of regularly conducted
activity, M.G.'s medical records are an exception to the hearsay rule. Tex. R. Evid. 803.
Furthermore, Rule 703 of the Rules of Evidence provides that expert opinions may be based on facts
or data "perceived by, reviewed by, or made known to the expert" if they are of a type reasonably
relied upon by experts in the witness' field in drawing conclusions or inferences upon the subject. 
Tex. R. Evid. 703. Thus, it was not error for Dr. Michaels to testify from such records. 

 The fact that evidence has some prejudicial effect is insufficient to warrant its exclusion. 
Pittsburgh Corning Corp. v. Walters, 1 S.W.3d 759, 772 (Tex. App.-Corpus Christi 1999, pet.
denied). Rather, there must be a demonstration that introduction of the evidence would create a
danger of unfair prejudice to the objecting party. Tex. R. Evid. 403 (emphasis added). "Unfair
prejudice" means "an undue tendency to suggest [a] decision on an improper basis, commonly,
though not necessarily, an emotional one." Weidner v. Sanchez, 14 S.W.3d 353, 365 (Tex.
App.-Houston [14th Dist.] 2000, no pet.). Moreover, there must be a demonstration that the danger
of unfair prejudice substantially outweighs the evidence's relevance. Tex. R. Evid. 403 (emphasis
added). In this case, the facts presented at the hearing went directly to the issues upon which the
State had the burden of proof. Evidence of M.G.'s acts of self-mutilation were vital to proving both
an overt act and a continuing pattern of behavior. Further, M.G. does not show how evidence of
M.G.'s previous acts suggests a decision based upon an improper basis. We cannot say that the
probative value of Dr. Michaels' testimony and the information derived from the medical records
is substantially outweighed by the danger of unfair prejudice. Consequently, the trial court did not
abuse its discretion when it allowed Dr. Michaels' testimony derived from M.G.'s medical records. 
Accordingly, we overrule issues two through five. 

 The judgment of the trial court is affirmed.



 SAM GRIFFITH 

 Justice



Opinion delivered December 18, 2002.

Panel consisted of Gohmert, Jr., C.J., Worthen, J., and Griffith, J.

















(DO NOT PUBLISH)
1. The ninety-day commitment period has expired, but this appeal is not moot. In State v. Lodge, 608
S.W.2d 910, 911 (Tex. 1980), the Texas Supreme Court held that the doctrine of mootness does not apply to appeals
from involuntary commitments.
2. Again we note that M.G.'s medical records were neither offered nor admitted into evidence.
3. M.G.'s counsel stipulated that the medical records were business records, precluding the need to lay the
predicate.