John T. MEZICK, Appellant,

v.

The STATE of Texas for the Best Interests and Protection of John T. Mezick, Appellee.

No. 01–95–01229–CV.

Court of Appeals of Texas, Houston (1st Dist.).

March 7, 1996.

James B. Kennerly, Houston, for Appellant.

Melinda Brents, Houston, for Appellee.

Before HEDGES, MIRABAL and FARRIS*, JJ.

## OPINION

HEDGES, Justice.

Appellant, John T. Mezick, appeals from a judgment ordering his commitment for court-ordered temporary mental health services, pursuant to TEX. HEALTH & SAFETY CODE ANN. § 574.034 (Vernon 1992). In two points of error, appellant contends that (1) the trial court's judgment did not comply with the requirements of TEX. HEALTH & SAFETY CODE ANN. § 574.034(b) (Vernon 1992), and (2) the evidence was factually insufficient to support the trial court's judgment. We affirm.

### FACTS

On August 28, 1995, Barbara Liposchak, the residential treatment coordinator of the half-way house where appellant was residing, filed an application for temporary mental health services accompanied by an affidavit in which she alleged erratic and unacceptable behavior by appellant. The filing of these documents led to the emergency detention of appellant at the Harris County Psychiatric Center. After examining him, Dr. Fredrick Moeller certified that appellant should be restrained under emergency detention. An "Order for Protective Custody and Notice of Hearing" was issued on August 29, 1995, and a hearing was held on September 7, 1995, regarding the involuntary commitment of appellant for temporary court-ordered mental health services. At the hearing, an expert witness (Douglas Samuels, M.D.), the treatment coordinator at appellant's residence (Ms. Liposchack), and appellant's sister (Catherine Mezick), testified that appellant's mental condition and recent behavior warranted involuntary commitment.

In a judgment dated September 12, 1995, the trial court found that appellant was mentally ill, and that as a result of his mental illness, he met the statutory criteria for court-ordered temporary mental health services (involuntary commitment). The court indicated the bases upon which it made its decision by placing an "X" in front of two of the three statutory criteria listed in the pre-formatted judgment: (1) that appellant was likely to cause serious harm to himself and (2) that appellant would, if not treated, continue to suffer severe and abnormal mental, emotional, or physical distress and would continue to experience deterioration of his ability to function independently and was unable to make rational and informed decisions as to whether to submit to treatment.

On the basis of these findings, the court ordered that appellant be committed for court-ordered temporary mental health services for a period not to exceed 90 days.

### STATUTORY COMPLIANCE

In point of error one, appellant argues that the trial court erred in failing to specify which of the three criteria set forth in section 574.034(a)(2) of the Texas Health & Safety Code formed the basis for the trial court's judgment ordering commitment for temporary mental health services.

The court may determine that a proposed patient requires court-ordered temporary mental health services only if it finds from clear and convincing evidence that

* The Honorable David F. Farris, former Justice, Court of Appeals, Second District of Texas at Fort Worth, participating by assignment.

(1) the proposed patient is mentally ill; and (2) as a result of that illness he (A) is likely to cause serious harm to himself; (B) is likely to cause serious harm to others; or (C) will, if not treated, continue to suffer severe and abnormal mental, emotional, or physical distress, will continue to experience deterioration of his ability to function independently, and is unable to make a rational and informed decision whether or not to submit to treatment. TEX. HEALTH & SAFETY CODE ANN. § 574.034(a)(1), (2)(A)–(C) (Vernon 1992). The court must specify which criterion forms the basis for its decision. TEX. HEALTH & SAFETY CODE ANN. § 574.034(b).

Appellant cites *In re J.S.C.*, 812 S.W.2d 92, 93 (Tex.App.—San Antonio 1991, no writ) to support his contention that the court could designate only one basis for commitment unless a conjunction connects multiple bases. In that case, the trial court signed a commitment order for temporary health services for a period not to exceed 90 days. In its judgment, the trial court used a fill-in-the-blank form listing the three criteria in the disjunctive. *Id.* at 96. The appellate court held that the judgment should have specified which of the three criteria the judge actually found as the basis of the commitment, or if she found all three, she should have stated them in the conjunctive, rather than the disjunctive. *Id.; see also In re J.J.*, 900 S.W.2d 353, 356 (Tex.App.—Texarkana 1995, no writ) (trial court failed to meet the requirement of section 574.034(a)(2) where the court's judgment was a fill-in-the-blank form that stated the grounds of commitment in the disjunctive, but the court did not specify which criterion it was relying on for the commitment).

We believe that the better authority is represented by *L.S. v. State*, 867 S.W.2d 838, 844 (Tex.App.—Austin 1993, no writ), which holds that when the commitment order provides sufficient notice as to which criteria formed the basis of the fact finder's decision to commit, the requirements of section 574.035(b) are met. In *L.S.*, the jury found that L.S. was mentally ill, and that as result of his mental illness, he was likely to cause serious harm to himself (section 574.035(a)(2)(A)), and found that L.S. would, if not treated, continue to suffer severe and abnormal distress, would continue to deteriorate in his ability to function, and was unable to make a rational decision as to whether to submit to treatment (the three elements required under section 574.035(a)(2)(C)). *Id.* The jury made no finding that L.S. was likely to cause serious harm to others under section 574.035(a)(2)(B). *Id.* In its order for extended mental health services, the trial court included the jury's findings on the statutory criteria. *Id.* The court of appeals noted that the statute does not prohibit the jury from finding that more than one criterion has been met. *Id.* The court concluded that the order provided sufficient notice as to which criteria formed the jury's decision, and thus complied with section 574.035(b). *Id.* We see no reason why a trial court cannot find multiple bases for commitment, particularly when an appellant is put on sufficient notice of the court's findings.

■ In this case, the trial court clearly marked two of the three criteria with an "X", indicating that appellant "is likely to cause serious harm to himself" *and* "will, if not treated, continue to suffer severe and abnormal mental, emotional, or physical distress and will continue to experience deterioration of his ability to function independently and is unable to make a rational and informed decision as to whether or not to submit to treatment." The court did *not* check the second criteria "is likely to cause serious harm to others; *or.*" Thus, like the order in *L.S.*, the judgment in this case states clearly the two criteria on which the court based its decision to commit appellant. Consequently, we find that it complied with section 574.034(b) of the Texas Mental Health Code.

We overrule point of error one.

## SUFFICIENCY OF THE EVIDENCE

In point of error two, appellant claims that there was insufficient evidence to support the two statutory criteria of section 574.035(a)(2)(A) & (C) that were cited by the court as forming the basis of its judgment to commit appellant for temporary mental health services: (A) that appellant is likely to cause serious harm to himself; and (C) that

appellant, if not treated, will continue to suffer severe and abnormal mental, emotional, or physical distress, will continue to experience deterioration of his ability to function independently, and is unable to make a rational and informed decision whether to submit to treatment.

### Burden of Proof and Standard of Review

■ Before court-ordered temporary mental health services can be ordered, the judge or jury must find that at least one of the three criteria of section 574.034(a)(2) has been established by clear and convincing evidence. TEX. HEALTH & SAFETY CODE ANN. § 574.034(a). It is the State's burden to prove one of these statutory criteria. *Khateeb v. State,* 712 S.W.2d 881, 885 (Tex. App.—Houston [1st Dist.] 1986, no writ). To be clear and convincing under the statutory section, the evidence must include expert testimony and, unless waived, evidence of a recent overt act or a continuing pattern of behavior that tends to confirm the likelihood of serious harm to the proposed patient or others, or the proposed patient's distress and the deterioration of ability to function. TEX. HEALTH & SAFETY CODE ANN. § 574.034(d) (Vernon 1992).

■ On the appeal of a fact finding made by clear and convincing evidence, we review the record to determine if the trial court could reasonably find that the fact was highly probable. *Williams v. Dep't of Human Serv.,* 788 S.W.2d 922, 926 (Tex.App.—Houston [1st Dist.] 1990, no writ). Under this standard, we must consider whether the evidence was sufficient to produce in the mind of the fact finder a firm belief or conviction as to the truth of the facts. *In re P.S.,* 766 S.W.2d 833, 835 (Tex.App.—Houston [1st Dist.] 1989, no writ). We will sustain an insufficient evidence point of error only "if the fact finder could not have reasonably found the fact was established by clear and convincing evidence." *Williams,* 788 S.W.2d at 926.

### Likely to cause serious harm to himself

■ Appellant contends that the State did not prove by clear and convincing evidence that he is likely to cause serious harm to himself. He argues that there is no evidence in the record of any recent overt acts or evidence of a continuing pattern of behavior that would support this finding. We disagree.

■ We acknowledge that expert diagnosis alone is not sufficient to confine a patient for compulsory treatment. *In re J.S.C.,* 812 S.W.2d at 95. The expert opinions and recommendations must be supported by a showing of the factual bases on which they are grounded. *Lodge v. State,* 597 S.W.2d 773, 779 (Tex.Civ.App.—San Antonio), *aff'd,* 608 S.W.2d 910 (Tex.1980).

At appellant's hearing for court-ordered temporary mental health services, Dr. Douglas Samuels testified as an expert witness for the State. Appellant stipulated to Dr. Samuels' qualifications as an expert in psychiatry and medicine. Dr. Samuels met personally with appellant, reviewed appellant's medical records, and conferred with members of appellant's treatment team. Based on his evaluation of appellant and based on reasonable medical probability, Dr. Samuels diagnosed appellant as suffering from manic depressive illness. The doctor testified that, if appellant were allowed to leave the hospital without further treatment, he would be likely to cause harm to himself, and he recommended that appellant be committed for treatment at Rusk State Hospital.

To support his opinion and recommendation, Dr. Samuels testified, based on his interview with appellant, his review of appellant's chart,[1] and conversations with the staff at Magnificat House and appellant's sister, that appellant has steadfastly refused all medication, does not believe that he is ill, and has lost about 30 pounds in the past three months. This testimony provides sufficient evidence that the appellant is likely to cause serious harm to himself. *See L.S. v. State,* 867 S.W.2d at 841; *Johnson v. State,* 693

---

1. The trial record also contains two documents from Dr. J. Ferrero, M.S. of the Harris County Psychiatric Center entitled "certificate of least restrictive alternative." These documents indicate that appellant refused offered treatment and medications, is unable to function on his own, and needs long term care.

S.W.2d 559, 563 (Tex.App.—San Antonio 1985, no writ) (a person is dangerous to himself if he cannot make a rational decision to receive treatment; such a person poses a threat to himself because the nature of his illness prevents him from seeking treatment which might improve his condition).

Furthermore, Catherine Mezick, appellant's sister and a former nurse, described appellant's history of mental illness over the last 10 years. Ms. Mezick testified that appellant was first admitted to a hospital in 1984 after he threatened to commit suicide by jumping out of a window. She described his behavior over the last 10 years as being "extremely erratic," and stated that he would modulate from a depressive state to a manic one very quickly. She further testified that there has been a continuing pattern of this behavior over a period of years and that appellant had been in and out of mental hospitals.

We believe that the testimony of Dr. Samuels and Ms. Mezick established a continuing pattern of depression and manic behavior that tends to confirm the likelihood of serious harm to appellant. We conclude that the trial judge, as the fact finder, could have reasonably found, by clear and convincing evidence, that the appellant is likely to cause serious harm to himself, and thus that section 574.034(a)(2)(A) has been satisfied. Because only one statutory criterion must be met under section 574.034(a)(2) to form the basis of the court's order for temporary mental health services, we are not required to decide whether there was sufficient evidence to satisfy section 574.034(a)(2)(C), the court's second basis for commitment. *See L.S. v. State*, 867 S.W.2d at 844.

We overrule point of error two.

We affirm the judgment of the probate court. Because we affirm the judgment, we do not reach appellee's cross-point.

1. The Honorable David F. Farris, former Justice, Court of Appeals, Second District of Texas at