NO. 12-02-00107-CV



IN THE COURT OF APPEALS
 


TWELFTH COURT OF APPEALS DISTRICT



TYLER, TEXAS


THE STATE OF TEXAS
§
 APPEAL FROM THE 


FOR THE BEST INTEREST
§
 COUNTY COURT AT LAW


AND PROTECTION OF W.R.
§
 CHEROKEE COUNTY, TEXAS

 

PER CURIAM 


 Appellant W.R. appeals from a judgment ordering his commitment for temporary inpatient
mental health services pursuant to Tex. Health & Safety Code Ann. § 574.034 (Vernon Supp.
2002). After a hearing, the trial court ordered W.R. committed to Rusk State Hospital for a period
not to exceed ninety days. (1) In five issues, W.R. challenges the factual sufficiency of the evidence
and raises various constitutional issues. We reverse and render judgment for W.R.


Background


 On February 26, 2002, Mike Dorsey filed an Application for Court-Ordered Temporary
Mental Health Services with the County Clerk of Cherokee County, Texas. The application stated
that W.R. was mentally ill and that he met the criteria in section 574.034 of the Texas Mental Health
Code for court-ordered temporary mental health services. On that same date, the trial court signed
an order of protective custody; consequently W.R. was already a patient at Rusk State Hospital at
the time of the hearing.

 The hearing on the application was held on March 26, 2002. At the conclusion of the
hearing, the trial court found that W.R. was mentally ill and that he met at least one of the three
additional criteria for commitment listed in section 574.034(a)(2). See Tex. Health & Safety
Code Ann. § 574.034(a)(2)(A), (B), (C) (Vernon Supp. 2002). The judgment does not specify
which criterion formed the basis for the commitment, and findings of fact and conclusions of law
were not requested or filed. 


Burden of Proof and Standard of Review

 Section 574.034 of the Texas Health and Safety Code contains the criteria for court-ordered
temporary inpatient mental health services. The court may order a proposed patient to receive
temporary inpatient mental health services only if the fact finder concludes from clear and
convincing evidence that the proposed patient is mentally ill and also meets at least one of the
additional criteria set forth in section 574.034(a)(2). Specifically, subsection (a)(2) provides the
factfinder must conclude that as a result of mental illness, the proposed patient



 is likely to cause harm to himself;


 


 is likely to cause serious harm to others; or



 

 is:



 (i) suffering severe and abnormal mental, emotional, or physical
distress;


 (ii) experiencing substantial mental or physical deterioration of the
proposed patient's ability to function independently, which is
exhibited by the proposed patient's inability, except for reasons
of indigence, to provide for the proposed patient's basic needs,
including food, clothing, health, or safety; and


 (iii) unable to make a rational and informed decision as to whether or
not to submit to treatment.



Tex. Health & Safety Code Ann. § 574.034(a)(2) (Vernon Supp. 2002).

 The State has the burden of establishing by clear and convincing evidence that the proposed
patient meets at least one of the additional criteria listed in section 574.034(a)(2). Mezick v. State,
920 S.W.2d 427, 430 (Tex. App.--Houston [1st Dist.] 1996, no writ). "Clear and convincing
evidence" is an intermediate standard, falling between the preponderance of the evidence standard
of ordinary civil proceedings and the reasonable doubt standard of criminal proceedings. State v.
Addington, 588 S.W.2d 569, 570 (Tex. 1979) (per curiam). The Texas Supreme Court has defined
"clear and convincing evidence" as "that degree of proof which will produce in the mind of the trier
of fact a firm belief or conviction as to the truth of the allegations sought to be established." 
Addington, 588 S.W.2d at 570. When court-ordered temporary mental health services are sought,
an additional requirement for clear and convincing evidence is imposed. To be clear and convincing
under subsection (a), the evidence must include expert testimony and, unless waived, evidence of
a recent overt act or a continuing pattern of behavior that tends to confirm



 the likelihood of serious harm to the proposed patient or others; or



 (2) the proposed patient's distress and the deterioration of the proposed patient's ability
to function.



Tex. Health & Safety Code Ann. § 574.034(d) (Vernon Supp. 2002). The clear and convincing
standard does not alter the appropriate standard of review. In re Caballero, 53 S.W.3d 391, 395
(Tex. App.--Amarillo 2001, pet. denied). 

Factual Sufficiency of the Evidence 

 When conducting a factual sufficiency review, this court must consider all of the evidence,
including any evidence contrary to the verdict. Plas-Tex. Inc. v. U.S. Steel Corp., 772 S.W.2d 442,
445 (Tex. 1989). We must reverse on the basis of a factual insufficiency or great weight and
preponderance point if the court's finding is so against the great weight and preponderance as to be
manifestly unjust. Pool v. Ford Motor Co., 715 S.W.2d 629, 635 (Tex. 1986). Findings of fact are
the exclusive province of the factfinder. Bellefonte Underwriters Ins. Co. v. Brown, 704 S.W.2d
742, 744 (Tex. 1986). This court is not a fact finder and may not pass on the credibility of the
witnesses or substitute its judgment for that of the trier of fact, even if a different answer could be
reached on the evidence. See Herbert v. Herbert, 754 S.W.2d 141, 144 (Tex. 1988); Clancy v. Zale
Corp., 705 S.W.2d 820, 826 (Tex. App.-Dallas 1986, writ ref'd n.r.e.).

The Evidence

 Upon direct examination, Dr. Harry Thompson testified that he examined W.R. and stated
that his patient had been previously diagnosed with Bipolar I Disorder, manic phase, and at other
times with Schizoaffective Disorder, bipolar type. Dr. Thompson testified that W.R. is likely to
cause serious harm to himself as he has a history of destabilizing when he is out of the hospital. He
also stated that W.R. is a danger to himself because he engages in cocaine abuse and that lifestyle,
coupled with being psychotic, makes him a danger to himself in terms of poor judgment and
recklessness. 

 On cross-examination, Dr. Thompson admitted that W.R. responds to treatment, and that
when he is ready for discharge, he is intact as far as behavior and thought processes. The doctor
testified that since W.R.'s stay at Rusk State Hospital, he has required an injection only once because
of agitation that put him and other people at risk; but other than that, there has been no violence or
aggression on W.R.'s part.

 Dr. Thompson testified that W.R. can dress and feed himself without assistance or
prompting, and can take care of his own personal hygiene. He also stated that his patient has the
ability to make a rational and informed decision regarding medication, and that W.R. is conversant
with medication and has the capacity to make informed consent. 

 Because the State did not meet its burden in proving one of the criteria of Tex. Health &
Safety Code Ann. § 574.034(a)(2) (Vernon Supp. 2002), (2) we hold that the evidence is factually
insufficient to support court-ordered temporary mental health services.

 Accordingly, we reverse and render judgment for W.R. (3) 


Opinion delivered August 14, 2002.

Panel consisted of Gohmert, Jr., C.J., Worthen, J., and Griffith, J.



(DO NOT PUBLISH)
1. The ninety-day commitment period has expired, but this appeal is not moot. In State v. Lodge, 608
S.W.2d 910, 911 (Tex. 1980), the Texas Supreme Court held that the doctrine of mootness does not apply to appeals
from involuntary commitments.
2. The State admits that the evidence is factually insufficient to support the trial court's order.
3. It is not necessary that we address W.R.'s constitutional complaints, since we are reversing on the issue of
factual sufficiency.