194 S.W.3d 82 (2006)
The STATE of Texas for the Best Interest and Protection of T.H.
No. 08-05-00278-CV.
Court of Appeals of Texas, El Paso.
May 18, 2006.
Rehearing Overruled July 5, 2006.
*83 Ruben Morales, El Paso, for appellant.
Jaime E. Esparza, Dist. Atty., El Paso, for appellee.
Before BARAJAS, C.J., McCLURE, and CHEW, JJ.

OPINION
RICHARD BARAJAS, Chief Justice.
Appellant, T.H., appeals from a judgment ordering his commitment for extended inpatient mental health services to a state hospital for a period not to exceed twelve months. In a single issue on appeal, Appellant alleges the evidence is legally insufficient to support the court-ordered extended inpatient mental health *84 services. We affirm the judgment of the trial court.

I. FACTUAL HISTORY

In 1987, Appellant was charged with attempted murder and aggravated assault of Ana S. Medina by stabbing her with a knife. He was found not guilty by reason of insanity and was ordered to receive extended inpatient mental health services treatment. In March of 2002, May of 2003, and May of 2004, the trial court entered further orders for extended commitment.
In June of 2005, another extended commitment hearing was conducted. On July 29, 2005, the trial court filed an order in which it determined that Appellant's commitment expired on May 7, 2005 and that he required further court-ordered extended mental health services. The trial court found that there was clear and convincing evidence that Appellant is mentally ill, that as a result of that mental illness, Appellant is likely to cause serious harm to himself and others, and/or, that he is suffering severe and abnormal mental, emotional, or physical distress: experiencing substantial mental or physical deterioration of his ability to function independently, which is exhibited by the proposed patient's inability, except for reasons of indigence, to provide for the proposed patient's needs, including food, clothing, health, or safety and not able to make a rational and informed decision as to whether to submit to treatment, and finally, that Appellant's condition is expected to continue for more than ninety days. The trial court ordered Appellant to be committed to the Kerrville State Hospital or other appropriate facility for a period not to exceed twelve months pursuant to Texas Code of Criminal Procedure article 46.03, section 4(5) and Health and Safety Code section 574.066. Appellant now appeals.

II. BURDEN OF PROOF AND STANDARD OF REVIEW

Section 574.034 of the Texas Health and Safety Code contains the criteria for court-ordered temporary inpatient mental health services. The court may order a proposed patient to receive temporary inpatient mental health services only if the fact finder concludes from clear and convincing evidence that the proposed patient is mentally ill and also meets at least one of the additional criteria set forth in section 574.034(a)(2). Specifically, subsection (a)(2) provides the fact finder must conclude that as a result of mental illness, the proposed patient:
(A) is likely to cause serious harm to himself;
(B) is likely to cause serious harm to others; or
(C) is:
(i) suffering severe and abnormal mental, emotional, or physical distress;
(ii) experiencing substantial mental or physical deterioration of the proposed patient's ability to function independently, which is exhibited by the proposed patient's inability, except for reasons of indigence, to provide for the proposed patient's basic needs, including food, clothing, health, or safety; and
(iii) unable to make a rational and informed decision as to whether or not to submit to treatment.
TEX. HEALTH & SAFETY CODE ANN. § 574.034(a)(2) (Vernon 2003). Upon a finding that a person is mentally ill, a fact finder is required to determine only one of the three criteria included in section 574.035(a)(2). Goldwait v. State, 961 S.W.2d 432, 435 (Tex. App.-Houston [1st Dist.] 1997, no writ); In re G.B.R., 953 S.W.2d 391, 394-95 (Tex.App.-El Paso 1997, no writ). The State has the burden of establishing by clear and convincing evidence *85 that the proposed patient meets at least one of the additional criteria listed in section 574.034(a)(2). Mezick v. State, 920 S.W.2d 427, 430 (Tex.App.-Houston [1st Dist.] 1996, no writ).
"Clear and convincing evidence" is an intermediate standard, falling between the preponderance of the evidence standard of ordinary civil proceedings and the reasonable doubt standard of criminal proceedings. State v. Addington, 588 S.W.2d 569, 570 (Tex.1979). The Texas Supreme Court has defined "clear and convincing evidence" as "that measure or degree of proof which will produce in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established." Id. While his burden of proof must weigh heavier than merely the greater weight of the credible evidence, there is no requirement that clear and convincing evidence must be unequivocal or undisputed. Id. When court-ordered temporary mental health services are sought, an additional requirement for clear and convincing evidence is imposed. To be clear and convincing under subsection (a), the evidence must include expert testimony and, unless waived, evidence of a recent overt act or a continuing pattern of behavior that tends to confirm:
(1) the likelihood of serious harm to the proposed patient or others; or
(2) the proposed patient's distress and the deterioration of the proposed patient's ability to function.
TEX. HEALTH & SAFETY CODE ANN. § 574.034(d) (Vernon 2003).
In reviewing a legal sufficiency or no-evidence complaint, the appellate court must consider only the evidence and inferences tending to support the challenged findings and disregard all evidence and inferences to the contrary. Leitch v. Hornsby, 935 S.W.2d 114, 118 (Tex.1996). If there is more than a scintilla of evidence to support the challenged findings, the no-evidence challenge fails. Id. In the context of the State's heightened burden of proof in a temporary commitment case, a no-evidence challenge will be sustained if the evidence is insufficient to produce in the mind of the fact finder a firm belief or conviction as to the truth of the facts. In re Breeden, 4 S.W.3d 782, 785 (Tex.App.-San Antonio 1999, no pet.).

III. DISCUSSION

At the commitment hearing, three medical experts testified concerning Appellant's mental illness and condition. Appellant did not testify or produce any witness on his behalf regarding his mental state. The State first called Dr. David Gonzalez, the chief psychiatrist at Kerrville State Hospital. Dr. Gonzalez testified that he first treated Appellant in 2003, but that for the past two years, he had not been his treating psychiatrist. He testified that Appellant is mentally ill and that while he currently is fairly stable, in the past, he has met the criteria for schizopsycho disorder. Appellant has suffered from delusions and hallucinations, symptoms which have lasted longer than two weeks. Appellant had also displayed mood symptoms, which according to Dr. Gonzalez, were not caused by drugs or physical problems, but rather were apparently due to his psychiatric illness. Appellant's condition would continue for the next ninety days and Appellant had received court-ordered inpatient services for sixty days or so during the past twelve months.
Dr. Gonzalez testified that at this point, Appellant is not likely to cause serious harm to himself and that the likelihood of causing serious harm to others is not imminent. Appellant however is suffering from severe and abnormal mental, emotional, or physical distress. He is also experiencing substantial or physical deterioration *86 of his ability to function independently, which is exhibited by his inability, except for reasons of indigence, to provide for his basic needs, including food, clothing, health, or safety. Because of his condition, Appellant is not able to make rational informed decisions as to whether or not to submit to treatment.
According to Dr. Gonzalez, Appellant suffers from a chronic mental illness that he described as severe and persistent and if not treated, Appellant would continue to suffer severe and abnormal mental, emotional, or physical distress. Throughout his testimony, he stressed that Appellant needs to be guarded, and that while there is no cure for his mental illness, there is medication to treat the symptoms of the illness. However, even with medication, Appellant could exhibit breakthrough symptoms of his illness; his hope was that with the medication, such breakthroughs would not be as severe.
Appellant has been in the hospital for the past fifteen years, and while during the past year Appellant has done relatively well in a structured situation, asking him to leave the hospital setting and enter a very unrestricted setting would be a disservice to him. Dr. Gonzalez instead recommended that Appellant make a gradual transition. Assuming that the State would hold Appellant for twenty-one months, and considering that Appellant is currently granted eight-hour day passes, Dr. Gonzalez recommended that Appellant be granted an overnight pass to see how he does with the release of supervision, increased stress and increased responsibilities. Once Appellant is able to perform well under these conditions, he can be moved to a monitored outpatient treatment plan where his living situation would ideally be a licensed boarding home to ensure that he is monitored and taking his medication. Given Appellant's history of alcohol and marijuana use, Dr. Gonzalez also recommended that he be enrolled in some type of substance abuse program, and be subjected to random drug screening, in addition to having his blood monitored to ensure that he is taking his medication. Dr. Gonzalez testified that the first step to Appellant's transition would probably be to place him at the Big Springs State Hospital because of the proximity to El Paso, which is where Appellant wishes to reside.
Next, the State called Dr. Yousuf Allawala, a psychiatrist at Kerrville State Hospital to testify. Dr. Allawala testified that he is currently Appellant's treating psychiatrist and has been for the past two years. Dr. Allawala testified that Appellant suffers from a mental illness; Appellant has a schizoaffective disorder which presents symptoms of both schizophrenia and an affective disorder. He testified that Appellant had a history of delusions and depression, and is currently taking antipsychotic and antidepressant medication. Appellant has been receiving court-ordered inpatient mental health services for at least sixty consecutive days in the preceding twelve months. His condition is expected to continue for more than ninety days. In the past two years, while under treatment, Dr. Allawala testified that Appellant has suffered from paranoia and delusions and hallucinations. Appellant's past acts of aggression have all occurred while the Appellant is paranoid and delusional. He additionally has a history of substance abuse, which can trigger paranoia and delusions. In the past four years, Appellant has not caused serious harm to himself or to anyone else. However, Dr. Allawala testified that if Appellant is not taking his medications, decompensates, or is under the influence of substance abuse, he can become violent. Absent a definite plan for outpatient treatment, if Appellant is released to the street or to an uncontrolled, unsupervised *87 situation, he could decompensate and commit acts of violence like those he has committed in the past.
Similar to Dr. Gonzalez, Dr. Allawala testified that Appellant is suffering from severe and abnormal mental, emotional, or physical distress. He is also experiencing substantial or physical deterioration of his ability to function independently, which is exhibited by the Appellant's inability, except for reasons of indigence, to provide for his basic needs, including food, clothing, health, or safety. Appellant does however make rational informed decisions about his treatment, evidenced by only refusing to take his medication once while under treatment. Appellant is mentally ill, and the nature of his illness is severe and persistent; if not treated, he will continue to suffer severe and abnormal mental, emotional, and physical distress. Without a court-ordered outpatient mental health service, Appellant will be unable to live safely in the community. Given Appellant's long history of hospitalization, he needs a gradual transition to the outpatient community. At this point, it was his opinion that Appellant was not ready to participate in an outpatient program. He also stressed the need for a transition period, where Appellant could be monitored to ensure he takes his medication; he expressed concern that without supervision, Appellant would not be able to make rational decisions about his treatment. While taking medication, Appellant has had incidents of decompensation and periods of paranoia and delusions. If Appellant refused to take medication, he could become psychotic. While at the hospital, Appellant has become psychotic while on the medication, but he has never refused to change or increase his medication. In an outpatient treatment, Dr. Allawala opined that it would hard to monitor the circumstances where these changes and decompensations could be caught. In the past, when Appellant has suffered from a psychotic break, he has been violent, exhibited by assaulting and stabbing individuals.
Dr. Allawala's recommendations for Appellant's future care was for continued court-ordered commitment. He testified that Appellant is on psychotropic medication, had a long history of mental illness, and will deteriorate if not in a supervised structured environment. Appellant needs a structured environment where Appellant can stay, his medication can be monitored, he can be monitored to ensure he is not abusing drugs and alcohol, and has random drug screening. Keeping in line with Dr. Gonzalez's recommendations, Dr. Allawala suggested that the eight-hour day passes should be extended to overnight passes and if everything goes well, then a slow, gradual transition back to the community would be the next step. He too emphasized the need for the transition to be a gradual and slow process. He indicated that Appellant would be better served in the Big Springs State Hospital because of the close proximity to El Paso. This would be the best place where a discharge plan could be formulated for an outpatient commitment. This plan, however, could not be completed in ninety days.
Next, Dr. Alice Castleberry, a psychologist at Kerrville State Hospital, testified at the hearing on the State's behalf. She testified that she had the opportunity to review Appellant's case and conduct a risk assessment. Dr. Castleberry testified that Appellant has a 48.1 percent chance of reoffending within the next year and that this could be any type of offense. While she testified that the psychiatrist would make a decision for the type of treatment, considering her findings, she was of the opinion that Appellant would require moderate levels of supervision, consistent with a fairly structured environment. She was *88 not aware of an outpatient program that would be intensive enough to meet Appellant's needs. The best place for Appellant would be a minimum security hospital setting, such as the one he is living in currently.
Appellant alleges the evidence is legally insufficient to support the court-ordered extended inpatient mental health services. Specifically, Appellant asserts that there was no evidence that he was likely to cause serious harm to himself or others, that he was experiencing substantial mental or physical deterioration of his ability to function independently, or that he was unable to make a rational and informed decision as to whether to submit to treatment. Appellee asserts that the State was not required to prove all the claims cited by the Appellant, but rather was required to prove that Appellant either (1) posed a danger to himself, (2) posed a danger to others, or (3) experienced substantial mental or physical deterioration of his ability to function independently and was unable to make a rational and informed decision as to whether to submit to treatment (emphasis added). See TEX. HEALTH & SAFETY CODE ANN. § 574.035(a)(2). We agree with the State to the extent that Appellant is arguing that the evidence is legally insufficient for each of the elements stated above and that the State was required to prove each element, and failure to do so requires reversal. The State is only required to show that the patient is mentally ill, that the condition is expected to continue for more than ninety days, and any of the findings in section 574.035(a)(2); we proceed in our legal sufficiency analysis accordingly. See Goldwait, 961 S.W.2d at 435; In re G.B.R., 953 S.W.2d at 394-95.
It is undisputed that the Appellant is mentally ill and that his condition is expected to continue for more than ninety days. Expert testimony unquestionably established that Appellant must remain under psychiatric treatment and comply with his medication and be free from the influence of drugs and alcohol in order to avoid a psychotic breakthrough. The evidence indicated that even with the proper medication, Appellant could suffer symptoms of a breakthrough. While under the structured environment of the hospital, Appellant had not harmed himself or others; there was no dispute that Appellant's past acts of aggression occurred while he was paranoid and delusional. Furthermore, Dr. Castleberry's risk assessment showed a 48.1 percent chance of reoffending. The fact finder is permitted to consider the consequences of removing appellant from the safety of his structure environment in the hospital. See Niswanger v. State, 875 S.W.2d 796, 801 (Tex.App.-Waco 1994, no pet.); L.S. v. State, 867 S.W.2d 838, 842 (Tex.App.-Austin 1993, no writ). We find that the evidence, taken as a whole, tends to confirm the likelihood of serious harm to the Appellant and others, or his distress and the deterioration of his ability to function, meeting that requirement of clear and convincing evidence. See TEX. HEALTH & SAFETY CODE ANN. § 574.034(d). All three experts recommended Appellant undergo a slow and gradual transition to an outpatient commitment. It was their opinion that Appellant was not ready to participate in an outpatient treatment program and that furthermore, Dr. Castleberry indicated that there was no current plan in place suited for Appellant's needs. Appellant should remain in court-ordered commitment. Reviewing only the evidence in support of the trial court's finding, we find the evidence legally sufficient to support the court's order for inpatient extended mental health services. Thus, we overrule Appellant's single issue on appeal.
*89 Having overruled Appellant's sole issue on review, we affirm the judgment of the trial court.