In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-07-00054-CV


______________________________







THE STATE OF TEXAS FOR THE BEST INTEREST


AND PROTECTION OF C.R.





 


On Appeal from the County Court at Law


 Hunt County, Texas


Trial Court No. M-08955




 




Before Morriss, C.J., Carter and Moseley, JJ.


Memorandum Opinion by Chief Justice Morriss



MEMORANDUM OPINION


 After a brief hearing--the transcription of the hearing consisting of just over five
pages--C.R. was temporarily committed to receive mental health services. C.R. appeals, asserting
that the evidence is legally and factually insufficient to support the commitment order. Because we
agree with C.R.'s assertion, we reverse the judgment of the trial court and render judgment denying
the application for court-ordered temporary mental health services.

 A trial court may temporarily commit a person for inpatient mental health services only if the
fact-finder concludes from clear and convincing evidence, first, that the proposed patient is mentally
ill and, second, that, as a result of that mental illness--and by using evidence of a recent overt act
or a continuing pattern of behavior (1)--the patient satisfies at least one of subparagraphs (A), (B), or
(C) of Section 574.034(a)(2) of the Texas Health and Safety Code:

 (A) [the patient] is likely to cause serious harm to himself;


 (B) [the patient] is likely to cause serious harm to others; or


 (C) [the patient] is:


 (i) suffering severe and abnormal mental, emotional, or physical
distress;

 (ii) experiencing substantial mental or physical deterioration of the
proposed patient's ability to function independently, which is
exhibited by the proposed patient's inability, except for reasons of
indigence, to provide for the proposed patient's basic needs, including
food, clothing, health, or safety; and

 (iii) unable to make a rational and informed decision as to whether or
not to submit to treatment.

 

Tex. Health & Safety Code Ann. § 574.034(a)(2) (Vernon 2003). Here, the trial court's order
fails to specify which of the three subparagraphs--what we will refer to as the additional
criteria--was satisfied. (2) 

 The evidentiary standards for involuntary commitment are high. State ex rel. L.H., 183
S.W.3d 905 (Tex. App.--Texarkana 2006, no pet.); Harris v. State, 615 S.W.2d 330, 333 (Tex. Civ.
App.--Fort Worth 1981, writ ref'd n.r.e.). The State must establish, by clear and convincing
evidence, that the proposed patient is mentally ill and that he or she meets at least one of the
additional criteria listed in Section 574.034(a)(2). See Mezick v. State, 920 S.W.2d 427, 430 (Tex.
App.--Houston [1st Dist.] 1996, no writ). Clear and convincing evidence is that "degree of proof
which will produce in the mind of the trier of fact a firm belief or conviction as to the truth of the
allegations sought to be established." State v. Addington, 588 S.W.2d 569, 570 (Tex. 1979). 
Evidence is statutorily declared not to be clear and convincing unless it includes "expert testimony
and, unless waived, evidence of a recent overt act or a continuing pattern of behavior that tends to
confirm" at least one of the additional criteria of Section 574.034(a)(2). See Tex. Health & Safety
Code Ann. § 574.034(d). The State cannot meet its burden of proof without presenting evidence
of the behavior of the proposed patient which provides the factual basis for the expert opinion. See
id. The recent overt act or continuing pattern of behavior shown by the State must also relate to the
criteria on which the judgment is based. See T.G. v. State, 7 S.W.3d 248, 252 (Tex. App.--Dallas
1999, no pet.).

 In reviewing the legal sufficiency of the evidence where the burden of proof is clear and
convincing evidence, we consider all of the evidence in the light most favorable to the finding to
determine whether a reasonable trier of fact could have formed a firm belief or conviction that its
findings were true. In re J.F.C., 96 S.W.3d 256, 266 (Tex. 2002). We must assume that the trier
of fact resolved disputed facts in favor of its finding if a reasonable trier of fact could do so, and we
must disregard all contrary evidence that a reasonable trier of fact could have disbelieved or found
to be incredible. Id.

 In reviewing factual sufficiency challenges, we review all the evidence in the record, both
supporting and opposing the trial court's findings. In re C.H., 89 S.W.3d 17, 27-29 (Tex. 2002). 
We must give due consideration to evidence the trier of fact could reasonably have found to be clear
and convincing. Id. at 25. Under the clear-and-convincing standard, we determine whether the
evidence is such that the trier of fact could reasonably form "a firm belief or conviction" as to the
truth of the allegations sought to be established by the State. Id. We must consider whether disputed
evidence is such that a reasonable trier of fact could not have reconciled that disputed evidence in
favor of its finding. J.F.C., 96 S.W.3d at 266. The trial court as the trier of fact is the exclusive
judge of the credibility of the witnesses and the weight to be given their testimony. In re Estate of
Canales, 837 S.W.2d 662, 669 (Tex. App.--San Antonio 1992, no writ).

 At the temporary commitment hearing, the State presented the expert testimony of Dr. Paul
Mitchell Lee. Lee testified that C.R. was diagnosed with "mild to moderate dementia with
associated psychotic symptoms" and that, in Lee's opinion, C.R. would be a danger to herself or
others. The page and a half of testimony provides no factual basis for the opinion and is entirely
conclusory. Lee did not testify to any factual basis for his diagnosis or any overt act or continuing
pattern of behavior by C.R. Further, Lee's testimony is the only evidence offered by the State. (3) An
expert diagnosis, without more, is not sufficient to confine a patient for compulsory treatment. 
Mezick, 920 S.W.2d at 430; In re J.S.C., 812 S.W.2d 92, 95 (Tex. App.--San Antonio 1991, no
writ). The record in this case completely lacks any evidence of a recent overt act or continuing
pattern of behavior by C.R. Lee's diagnosis and opinion, without other evidence, is insufficient to
prove by clear and convincing evidence that commitment is necessary. The evidence is factually and
legally insufficient that, as a result of mental illness, C.R. was likely to hurt herself or others.

 C.R. also argues the evidence is insufficient to prove, as a result of her mental illness, she
is suffering severe and abnormal mental, emotional, or physical distress; experiencing substantial
mental or physical deterioration of her ability to function independently, which is exhibited by her
inability, except for reasons of indigence, to provide for her basic needs, including food, clothing,
health, or safety; and unable to make a rational and informed decision as to whether or not to submit
to treatment. Although Lee testified that "keeping [C.R.] in the hospital is the best way to continue
her treatment," the record does not contain any evidence concerning the above criteria. The State
wholly failed to prove the requirements of subparagraph (C). See Tex. Health & Safety Code
Ann. § 574.034(a)(2)(C). 

 The evidence is legally and factually insufficient to satisfy at least one of subparagraphs (A),
(B), or (C) of Section 574.034(a)(2) of the Texas Health and Safety Code. We reverse the judgment
of the trial court and render judgment denying the application for court-ordered temporary mental
health services.


 Josh R. Morriss, III

 Chief Justice


Date Submitted: May 24, 2007

Date Decided: May 25, 2007


1. See Tex. Health & Safety Code Ann. § 574.034(d) (Vernon 2003). That element of
proof is discussed later in this opinion.
2. The three potential findings are listed in the order with the instructions: "(select appropriate
paragraph/paragraphs)." None of the three potential findings was selected.
3. The State did file three medical reports with the district clerk. The State only attempted to
introduce one of the reports into evidence. C.R.'s counsel objected to the report, and the trial court
admitted the report into evidence for jurisdictional purposes only. We note the State requested the
trial court to take judicial notice that dementia is a mental disease. The trial court, though, did not
explicitly take judicial notice that dementia is a mental disease at the hearing or in the order. Even
if this Court was to take judicial notice that dementia is a mental disease, the evidence would still
be insufficient given there is no evidence of an overt act or continuing pattern of behavior.