# NO. 12-11-00009-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *THE STATE OF TEXAS FOR THE* | § | *APPEAL FROM THE* |
| *BEST INTEREST AND PROTECTION* | § | *COUNTY COURT AT LAW* |
| *OF P.H.* | § | *CHEROKEE COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

This is an appeal from an order granting the State's application for court-ordered temporary inpatient mental health services. P.H., Appellant, maintains the evidence is legally and factually insufficient to support the trial court's order. We affirm.

### BACKGROUND

P.H. was arrested and jailed in Liberty, Texas, for interfering with traffic by dancing in the street. She was sent from Liberty County to Rusk State Hospital under an order of protective custody. At Rusk State Hospital, Jan Guidry, M.D., examined P.H. on December 21, 2010. Robert Bouchat, M.D., examined her on December 22, 2010. Both completed a Physician's Certificate of Medical Examination. In the opinion of both physicians, P.H. was suffering from severe bipolar disorder.

Dr. Bouchat testified at the hearing on the State's application on December 28, 2010. Before the hearing, P.H. had refused treatment. Dr. Bouchat told the court that P.H. had admitted dancing in the street and had insisted she was a choreographer engaged in a Broadway production. She admitted keeping two dead cats in her house since sometime in November, because it was too difficult to dig a grave while the ground was so hard.

Dr. Bouchat testified that P.H.'s mental illness required treatment, and that she was unable at that time to make a rational decision about whether or not to submit to treatment. In

1

Dr. Bouchat's opinion, she was suffering from severe and abnormal mental, emotional, or physical distress, and that, outside a hospital setting, she was unable to provide for her basic needs such as food, clothing, health, and safety. He also testified that her condition was likely to deteriorate if she did not remain at the hospital for treatment.

In her testimony, P.H. denied dancing in the street, but acknowledged that the two cats had died in her arms. She described her mental and emotional condition as "very healthy." She denied she would harm herself if released, because "I love life too much." She said she would not take any medicines prescribed for her "other than what was prescribed to me at St. Joseph's Hospital on December 16th through 19th."

The trial court found that clear and convincing evidence established that P.H. is mentally ill and as a result of that illness she is

> (1) likely to cause serious harm to herself;
>
> (2) suffering severe abnormal mental, emotional, or physical distress;
>
> (3) experiencing substantial mental or physical deterioration of the proposed patient's ability to function independently, which is exhibited by the proposed patient's inability, except for reasons of indigence, to provide for the proposed patient's basic needs including food clothing, health, or safety; and
>
> (4) unable to make a rational and informed decision as to whether or not to submit to treatment.

## SUFFICIENCY OF THE EVIDENCE

In her first issue, P.H. asserts the evidence is neither legally nor factually sufficient to support the trial court's order of commitment.

### Applicable Law and Standard of Review

The judge may order a proposed patient to receive court-ordered temporary inpatient mental health services only if the judge or jury finds, from clear and convincing evidence, that

> (1) the proposed patient is mentally ill; and
>
> (2) as a result of that mental illness the proposed patient:
>
>   (A) is likely to cause serious harm to himself;
>
>   (B) is likely to cause serious harm to others; or

(C) is:

(i) suffering severe and abnormal mental, emotional, or physical distress;

(ii) experiencing substantial mental or physical deterioration of the proposed patient's ability to function independently, which is exhibited by the proposed patient's inability, except for reasons of indigence, to provide for the proposed patient's basic needs, including food, clothing, health, or safety; and

(iii) unable to make a rational and informed decision as to whether or not to submit to treatment.

TEX. HEALTH & SAFETY CODE ANN. § 574.034(a) (Vernon 2010).

To be clear and convincing, the evidence must include expert testimony and, unless waived, evidence of a recent overt act or a continuing pattern of behavior that tends to confirm at least one of the statutory criteria. *Id.* § 574.034(d)(1),(2). Expert opinions and recommendations must be supported by a showing of the factual bases on which they are grounded. *Mezick v. State*, 920 S.W.2d 427, 430 (Tex. App.–Houston [1st Dist.] 1996, no pet.). A bald diagnosis alone is insufficient. *Id.*; *see also State ex rel. E.E.*, 224 S.W.3d 791, 794 (Tex. App.– Texarkana 2007, no pet.).

In reviewing the legal sufficiency of the evidence where the burden of proof is clear and convincing evidence, the appellate court must consider all of the evidence in the light most favorable to the finding to determine whether a reasonable trier of fact could have formed a firm belief or conviction that its findings were true. *In re J.F.C.*, 96 S.W.3d 256, 266 (Tex. 2002). The reviewing court must assume that the trier of fact resolved disputed facts in favor of its finding if a reasonable trier of fact could do so, and we must disregard all contrary evidence that a reasonable trier of fact could have found incredible. *Id.*

In reviewing a factual sufficiency challenge, the appellate court reviews all the evidence in the record, both supporting and conflicting with the trial court's findings. *In re C.H.*, 89 S.W.3d 17, 27-29 (Tex. 2002). Under the clear and convincing standard, the reviewing court determines whether the evidence is sufficient for the trier of fact to reasonably form "a firm belief or conviction" as to the truth of the allegations sought to be established by the State. *Id.* The court must consider whether disputed evidence is such that a reasonable trier of fact could not have reconciled that disputed evidence in favor of its finding. *In re J.F.C.*, 96 S.W.3d at 266.

**Discussion**

3

Dr. Bouchat diagnosed P.H. as suffering from bipolar disorder. It was his opinion that her mental illness was so severe that two of three statutory criteria for court-ordered inpatient health care were applicable to her condition.

She kept two dead cats in the house with her for a month or more because the ground was too hard to dig their graves. Living with the dead cats for an extended period is both an overt act and a continuing pattern of behavior indicating P.H.'s mental and emotional distress and the deterioration of her ability to function. Her own testimony illustrates her inability to make a rational decision about her need for treatment. Her belief that she is a choreographer involved in a Broadway production may be a harmless fantasy. But her obstruction of traffic by dancing in the street is an overt act that demonstrates her delusions sometimes incited behavior dangerous to herself.

We conclude that, under the clear and convincing standard, the evidence is both legally and factually sufficient to support the trial court's findings that P.H. is mentally ill; that as a result of that illness, she is likely to cause serious harm to herself; that she is suffering severe and abnormal mental distress, experiencing substantial mental deterioration of her ability to function independently; and that she is unable to make a rational and informed decision as to whether or not to submit to treatment. P.H.'s first issue is overruled.

## CONSTITUTIONAL CLAIMS

In her second, third, fourth, and fifth issues, P.H. contends the trial court erred in rendering judgment in violation of state and federal guarantees of due process and in violation of her right to equal protection under the federal and state constitutions. However, P.H. did not raise these issues in the trial court. "As a rule, a claim, including a constitutional claim, must have been asserted in the trial court in order to be raised on appeal." ***Dreyer v. Greene***, 871 S.W.2d 697, 698 (Tex. 1993). Therefore, P.H. has not preserved these complaints for review. P.H.'s second, third, fourth, and fifth issues are overruled.

## DISPOSITION

The trial court's order of commitment is ***affirmed***.

4

**BILL BASS**
Justice

Opinion delivered June 22, 2011.
*Panel consisted of Griffith, J., Hoyle, J., and Bass, Retired Justice, Twelfth Court of Appeals sitting by assignment.*

(PUBLISH)