v.

**The STATE of Texas, Appellee.**

No. 05–05–01262–CV.

Court of Appeals of Texas,
Dallas.

Jan. 12, 2006.

———

Patricia L. Sessa and Deborah Farris, for D.M.

Melanie Barton, for The State of Texas.

Before Chief Justice THOMAS and Justices WHITTINGTON and O'NEILL.

**OPINION**

Opinion by Chief Justice THOMAS.

D.M. appeals her court-ordered re-commitment to Terrell State Hospital. D.M.'s sole complaint is that the evidence is factually insufficient to support a finding by clear and convincing evidence that her recommitment was necessary. We disagree. Accordingly, we affirm the trial court's order.

Before a mentally ill patient can be ordered confined to a hospital on a temporary basis, the State must prove, by clear and convincing evidence, that:

(1) the proposed patient is mentally ill; and

(2) as a result of that mental illness the proposed patient:

(A) is likely to cause serious harm to himself;

(B) is likely to cause serious harm to others; or

(C) is:

(i) suffering severe and abnormal mental, emotional, or physical distress;

(ii) experiencing substantial mental or physical deterioration of the proposed patient's ability to function independently, which is exhibited by the proposed patient's inability, except for reasons of indigence, to provide for the proposed patient's basic needs, including food, clothing, health, or safety; and

(iii) unable to make a rational and informed decision as to whether or not to submit to treatment.

TEX. HEALTH & SAFETY CODE ANN. § 574.034(a) (Vernon 2003); *T.G. v. State,*

7 S.W.3d 248, 251 (Tex.App.-Dallas 1999, no pet.).

To constitute clear and convincing evidence under the statute, the evidence must include expert testimony and evidence of a recent, overt act or a continuing pattern of behavior that tends to confirm: (1) the likelihood of serious harm to the proposed patient or others; or (2) the proposed patient's distress and the deterioration of the proposed patient's ability to function. TEX. HEALTH & SAFETY CODE ANN. § 574.034(d) (Vernon 2003); *D.J. v. State*, 59 S.W.3d 352, 354 (Tex.App.-Dallas 2001, no pet.). Clear and convincing evidence is "that measure or degree of proof which will produce in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established." *State v. Addington*, 588 S.W.2d 569, 570 (Tex.1979) (per curiam).

D.M. does not dispute that she has a mental illness. However, she contends the evidence was factually insufficient to support the jury's findings that, as a result of her mental illness, (1) she was likely to cause serious harm to herself and (2) that she is experiencing substantial mental or physical deterioration of the ability to function independently.

The trial at issue occurred in September 2005. The State's only witness was Dr. Monte Lee Goen, a staff psychiatrist at Terrell. Dr. Goen testified he had conducted an examination of D.M., spoke with her treating psychiatrist, and reviewed her records. Based on his review, Dr. Goen concluded D.M. was mentally ill and was likely to cause serious harm to herself and others. Moreover, he concluded D.M. suffered from severe distress, her condition was deteriorating, and she was unable to make rational decisions concerning her treatment.

Dr. Goen explained that D.M. is likely to cause serious harm to herself because she has poor judgment in her interaction with other people. Dr. Goen testified D.M. is rude, loud and intrusive, and causes altercations with other people, thereby increasing her likelihood of being assaulted. As an example, Dr. Goen recounted an incident in which D.M. made a comment to a male patient and pushed him. In response, the male patient struck D.M. in the throat, knocking her down. On another occasion, the hospital staff learned that D.M. was hiding contraband in a locker. When the staff went to retrieve the items, D.M. attacked the staff, and it took three people to subdue her. D.M. was injured during the incident. Dr. Goen testified that D.M. had, at times, became belligerent and cursed at the staff. At one point, she had to be medicated as a result of her acting out. Additionally, in sessions with Dr. Goen, D.M. had become belligerent, cursing and yelling, and he had to end the meetings because he believed D.M.'s behavior might lead to an assault or emergency intervention. Although D.M.'s counsel suggested on cross-examination that D.M. was rude because she was not happy about being committed, Dr. Goen maintained that D.M.'s behavior was a result of her mental illness.

In addition to the above, Dr. Goen testified that D.M. attempted suicide in March 2004 and threatened suicide in May 2005. Dr. Goen indicated he was worried that D.M. might take her life if she were allowed to leave the hospital. As a result of her mental illness, Dr. Goen explained D.M. believes she has a job and a home, but, in reality, she has neither. Prior to her hospitalization, D.M. was living with her mother; however, D.M.'s mother will not allow her to return because D.M. destroyed the mother's home with a power

saw and pickax.[1] Dr. Goen testified he feared that when D.M. learns that she is homeless and unemployed, she will become hopeless and suicidal.

Dr. Goen also stated that a week before D.M. was to be discharged from the hospital, she stopped taking an antipsychotic medication that had been prescribed to her. As a result, D.M.'s condition deteriorated. Dr. Goen did not believe that D.M. would benefit from outpatient treatment. In fact, he believed that if she is discharged, she will not take her medication and her illness will progress further.

Based on the record, we conclude the jury could reasonably have found by clear and convincing evidence that it was highly probable D.M. was likely to cause serious harm to herself. *See Taylor v. State*, 671 S.W.2d 535, 538 (Tex.App.-Houston [1st Dist.] 1983, no pet.) (concluding evidence was sufficient to show a person's likelihood to cause serious harm to himself based on that person's hostile and provocative behavior toward his family and third parties). Specifically, we conclude there was evidence of a recent overt act or of a continuing pattern of behavior that tended to confirm those jury findings. Accordingly, we overrule D.M.'s point of error.

We affirm the trial court's judgment.

---

1. According to Dr. Goen, D.M. was looking for brown recluse spiders created by her 80–year–old aunt. She was also trying to uncover the dead bodies of a satanic cult underneath the house. Her mother called the police because she was afraid of D.M. This behavior formed the basis for the original commitment.