224 S.W.3d 791 (2007)
The STATE of Texas for the Best Interest and Protection of E.E.
No. 06-07-00045-CV.
Court of Appeals of Texas, Texarkana.
Submitted April 27, 2007.
Decided May 4, 2007.
*793 Michael R. Kesler, Jacksonville, for appellant.
Gordon K. Lemaire, Asst. County Atty., Rusk, for appellee.
Before MORRISS, C.J., CARTER and MOSELEY, JJ.

OPINION
Opinion by Justice MOSELEY.
E.E. was found in her home dehydrated and fasting; she offered her reasons for refusing to eat or drink were due to her having heard the voice of Jesus telling her not to eat. The evidence included testimony that she had been taken to the emergency room, that she had a "pelvic mass," had refused to eat or drink adequate amounts while hospitalized, and had refused to take either previous medications prescribed for her mental condition or antibiotics which had also been prescribed. The evidence presented at the hearings before the County Court at Law for Cherokee County resulted in an order temporarily committing E.E. for mental health services and another order to administer psychoactive medications during the course of her commitment.
E.E. appeals the trial court's order temporarily committing her, arguing that the evidence is legally and factually insufficient to support the trial court's finding that she was likely to cause serious harm to herself. Because we hold the evidence is both legally and factually sufficient, we affirm the trial court's order.
A trial court may order a proposed patient to receive temporary inpatient mental health services only if the fact-finder concludes from clear and convincing evidence that the proposed patient is mentally ill and also satisfies at least one of subparagraphs (A), (B), or (C) of Section 574.034(a)(2) of the Texas Health and Safety Code:
(2) as a result of that mental illness the proposed patient:
(A) is likely to cause serious harm to himself;
(B) is likely to cause serious harm to others; or
(C) is:
(i) suffering severe and abnormal mental, emotional, or physical distress;
(ii) experiencing substantial mental or physical deterioration of the proposed patient's ability to function independently, which is exhibited by the proposed patient's inability, except for reasons of indigence, to provide for the proposed patient's basic needs, including food, clothing, health, or safety; and
(iii) unable to make a rational and informed decision as to whether or not to submit to treatment.
TEX. HEALTH & SAFETY CODE ANN. § 574.034(a)(2) (Vernon 2003). Here, the trial court's written order affirmatively found the State's allegations under subsection (A) to be true.
E.E. does not challenge the determination that she was mentally ill. See TEX. HEALTH & SAFETY CODE ANN. § 574.034(a)(1) *794 (Vernon 2003). She contends the evidence was insufficient to support the findings that she was likely to cause serious harm to herself (Section 574.034(a)(2)(A)).
The evidentiary standards for involuntary commitment are high. State ex rel. L.H., 183 S.W.3d 905 (Tex.App.-Texarkana 2006, no pet.); Harris v. State, 615 S.W.2d 330, 333 (Tex.Civ.App.-Fort Worth 1981, writ ref'd n.r.e.). The State has the burden of establishing by clear and convincing evidence that the proposed patient meets at least one of the additional criteria listed in Section 574.034(a)(2). See Mezick v. State, 920 S.W.2d 427, 430 (Tex.App.-Houston [1st Dist.] 1996, no writ). Clear and convincing evidence is that "degree of proof which will produce in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established." State v. Addington, 588 S.W.2d 569, 570 (Tex.1979).
When court-ordered temporary mental health services are sought under Section 574.034(a), specific requirements for clear and convincing evidence are imposed: the evidence must include expert testimony and, unless waived, evidence of a recent overt act or a continuing pattern of behavior that tends to confirm "(1) the likelihood of serious harm to the proposed patient or others; or (2) the proposed patient's distress and the deterioration of the proposed patient's ability to function." TEX. HEALTH & SAFETY CODE ANN. § 574.034(d) (Vernon 2003).
An expert diagnosis, without more, is not sufficient to confine a patient for compulsory treatment. Mezick, 920 S.W.2d at 430. The State cannot meet its burden of proof without presenting evidence of the behavior of the proposed patient which provides the factual basis for the expert opinion. See id. The recent overt act or continuing pattern of behavior shown by the State must also relate to the criteria on which the judgment is based. See T.G. v. State, 7 S.W.3d 248, 252 (Tex. App.-Dallas 1999, no pet.).
In reviewing the legal sufficiency of the evidence where the burden of proof is clear and convincing evidence, we consider all of the evidence in the light most favorable to the finding to determine whether a reasonable trier of fact could have formed a firm belief or conviction that its findings were true. In re J.F.C., 96 S.W.3d 256, 266 (Tex.2002). We must assume that the trier of fact resolved disputed facts in favor of its finding if a reasonable trier of fact could do so, and we must disregard all contrary evidence that a reasonable trier of fact could have disbelieved or found to be incredible. Id.
In reviewing factual sufficiency challenges, we review all the evidence in the record, both supporting and opposing the trial court's findings. In re C.H., 89 S.W.3d 17, 27-29 (Tex.2002). We must give due consideration to evidence the trier of fact could reasonably have found to be clear and convincing. Id. at 25. Under the clear and convincing standard, we determine whether the evidence is such that the trier of fact could reasonably form "a firm belief or conviction" as to the truth of the allegations sought to be established by the State. Id. We must consider whether disputed evidence is such that a reasonable trier of fact could not have reconciled that disputed evidence in favor of its finding. J.F.C., 96 S.W.3d at 266. The trial court as the trier of fact is the exclusive judge of the credibility of the witnesses and the weight to be given their testimony. In re Estate of Canales, 837 S.W.2d 662, 669 (Tex.App.-San Antonio 1992, no writ).
At the temporary commitment hearing, the State presented the testimony of Dr. Larry Hawkins, who testified that *795 E.E. had been diagnosed with paranoid schizophrenia. He testified that E.E. was not taking care of herself, had been taken from her home to the emergency room and was found to be dehydrated, and that she had admitted to fasting because Jesus told her not to eat. He related, further, that she had stated to him that she had been fasting for about a week before coming to the hospital.
Dr. Hawkins testified that E.E. had refused to take antibiotics, and his testimony indicates that she was also not taking medications for her mental illness. E.E. testified that she had just been released from a hospital, that she loved God, that fasting was in the word of God, that God fasted for forty days, that "[w]e're living in the book of Revelation," and that she is not eating or drinking because she loved God. She went on to state that she did not believe her condition was a mental condition, but religion, and that she did not want to hurt herself or others, and that "before [God] would let me commit suicide or harm myself, he would give me a word."
Dr. Hawkins testified that she had physical and mental conditions that required medication, that she refused to believe that she had a mental illness, and that, in his opinion, the least restrictive available treatment option for E.E. was commitment to Rusk State Hospital. It is also apparent that E.E. had been recently been previously hospitalized for her mental conditions and medicated, but had stopped taking the medication upon release.
We conclude the evidence is sufficient to support the trial court's finding that E.E. was likely to cause serious harm to herself (Section 574.034(a)(2)(A)). The above evidence, if believed by the trial court, could convince the trial court that E.E. was not in touch with reality, that she was expecting a personal word from God to tell her when to eat and drink, and that she had been under the influence of her mental illness to the extent she was likely to cause serious harm to herself. The trial court was not bound to believe her testimony that she would not harm herself, especially in context with her expectations of divine intervention should she become endangered by her behavior.
We conclude the evidence is sufficient to support the trial court's findings that E.E. was mentally ill and that as a result of the mental illness was likely to cause serious harm to herself (Section 574.034(a)(2)(A)).
The evidence is both legally and factually sufficient to support the trial court's findings.
We overrule E.E.'s point of error and affirm the trial court's order.