NO.
12-07-00165-CV

 

IN THE COURT OF APPEALS 

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

THE STATE OF TEXAS FOR THE           §                      APPEAL
FROM THE 

 

BEST INTEREST AND PROTECTION    §                      COUNTY
COURT AT LAW

 

OF E.G.          §                      CHEROKEE
COUNTY, TEXAS

                                                                                                                                                           


OPINION

            Appellant
E.G. appeals from an order authorizing the Texas Department of State Health
Services (the “Department”) to administer psychoactive
medication-forensic.  In one issue, E.G.
asserts the evidence is legally and factually insufficient to support the trial
court’s order.  We reverse and render.

 

Background

            On
April 18, 2007, Dr. Jon Guidry signed an application for an order to administer
psychoactive medication-forensic to E.G. 
In the application, Guidry stated that E.G. was subject to an order for
inpatient mental health services issued under Chapter 46B (incompetency to
stand trial) of the Texas Code of Criminal Procedure.  Guidry stated that E.G. had been diagnosed
with  schizophrenia and requested the
trial court to compel E.G. to take seven psychoactive medications: an
antidepressant, an anxoilytic/sedative/hypnotic, four antipsychotics, and a
mood stabilizer. According to Guidry, E.G. refused to take the medications
voluntarily and, in his opinion, E.G. lacked the capacity to make a decision regarding
administration of psychoactive medications because he stated that he did not
need the medications. 

            Guidry
concluded that these medications are the proper course of treatment for E.G.
and that, even if he were treated with the medications, his prognosis would be
poor.  However, Guidry believed that, if
E.G. were not administered the medications, the consequences would be morbidity
or injury to himself from behavior driven by his mental illness, such as
snorting cocoa powder, Sweet’N Low®, and
other items, if he was not searched daily to prevent hoarding.  Guidry considered other medical alternatives
to psychoactive medication, but determined that those alternatives would not be
as effective.  He believed the benefits
of the psychoactive medications outweighed the risks in relation to present
medical treatment and E.G.’s best interest. 
Guidry also considered less intrusive treatments likely to secure E.G.’s
agreement to take psychoactive medication.

            On
April 24, the trial court held a hearing on the application.  Guidry testified that he is E.G.’s treating
physician and that E.G. is currently under a Chapter 46B order (incompetency to
stand trial) for inpatient mental health services.  Guidry stated that E.G. has verbally, or
otherwise, refused to accept medication voluntarily.  According to Guidry, he believes that E.G.
lacks the capacity to make a decision regarding the administration of
psychoactive medication.  He also stated
that he completed the application for an order to administer psychoactive medication-forensic
and that all the statements contained in the application are true and
correct.  Guidry testified that the
exhibit attached to the application sets forth the classifications of
medication that he wishes to access and that treatment with these medications
is the proper course of treatment for E.G. He stated that if these medications
are used, E.G. will benefit and that these benefits outweigh the risks.  Further, he stated that there are no less
intrusive means of achieving the same or similar results as psychoactive
medications.  Guidry does not believe
that E.G. will likely regain competency unless he is treated with these
medications.  Guidry stated that in the
event E.G. is tried, these medications will assist him in making E.G. capable
of assisting counsel.  He believed that
the underlying charge against E.G. was possession of a controlled substance,
namely cocaine. 

            Guidry
stated that E.G. first refused to take psychoactive medications on April 18,
2007 and had been at the hospital for approximately one month and ten days at
that time.  He discussed these
medications with E.G. and stated that E.G. understood Guidry believed he needed
medication to control his symptoms of schizophrenia.  However, E.G. informed Guidry that he did not
need, or want, medication.  According to
Guidry, E.G. did not express his concerns about these medications, nor did he
want to talk about why he believed he did not need or want them. Guidry
described the possible side effects of the requested medications.  However, Guidry stated that E.G. did not
express any concerns or fears about possible side effects.  Further, he stated that when he attempted to
discuss abrupt cessation and increased risk of side effects, E.G. wanted “nothing
to do with the conversation and wanted to conclude the discussion.”

            At
the close of the evidence, the trial court granted the application.  On April 24, after considering all the
evidence, including the application and the expert testimony, the trial court
found that the allegations in the application are true and correct and
supported by clear and convincing evidence. 
Further, the trial court found that treatment with the proposed
medication is in E.G.’s best interest and that E.G. lacks the capacity to make
a decision regarding administration of the medication.  The trial court authorized the Department to
administer to E.G. psychoactive medications, including antidepressants,
antipsychotics, mood stabilizers, and anxiolytics/sedatives/hypnotics.  This appeal followed.

 

Sufficiency of
the Evidence

            In
his sole issue, E.G. argues that the evidence is legally and factually
insufficient to support the trial court’s order to administer psychoactive
medication-forensic.  More specifically,
E.G. contends that the State failed to prove, by clear and convincing evidence,
that he lacked the capacity to make a decision regarding administration of
medication.  Additionally, he argues that
Guidry never testified that the proposed medications would be in his best
interest.

Standard of Review

            In
a legal sufficiency review where the burden of proof is clear and convincing
evidence, we must look at all the evidence in the light most favorable to the
finding to determine whether a reasonable trier of fact could have formed a
firm belief or conviction that its findings were true.  In re J.F.C., 96 S.W.3d 256,
266 (Tex. 2002).  We must assume that the
fact finder settled disputed facts in favor of its finding if a reasonable fact
finder could do so and disregard all evidence that a reasonable fact finder
could have disbelieved or found incredible. 
Id.  This does not
mean that we are required to ignore all evidence not supporting the finding
because that might bias a clear and convincing analysis.  Id.

            The
appropriate standard for reviewing a factual sufficiency challenge is whether
the evidence is such that a fact finder could reasonably form a firm belief or
conviction about the truth of the petitioner’s allegations.  In re C.H., 89 S.W.3d 17, 25
(Tex. 2002).  In determining whether the
fact finder has met this standard, we consider all the evidence in the record,
both that in support of and contrary to the trial court’s findings.  Id. at 27-29.  Further, we must consider whether disputed
evidence is such that a reasonable fact finder could not have reconciled that
disputed evidence in favor of its finding. 
In re J.F.C., 96 S.W.3d at 266.  If the disputed evidence is so significant
that a fact finder could not reasonably have formed a firm belief or
conviction, then the evidence is factually insufficient.  Id.  

Order to Administer Psychoactive
Medication

            A
trial court may issue an order authorizing the administration of one or more
classes of psychoactive medications to a patient who is under a court order to
receive inpatient mental health services. 
Tex. Health & Safety Code
Ann. § 574.106(a) (Vernon Supp. 2007). 
The court may issue an order if it finds, by clear and convincing
evidence that (1) the patient lacks the capacity to make a decision regarding
the administration of the proposed medication and (2) treatment with the
proposed medication is in the best interest of the patient. Id. §
574.106(a-1).  “Clear and convincing
evidence” means the measure or degree of proof that will produce in the mind of
the trier of fact a firm belief or conviction as to the truth of the
allegations sought to be established.  State
v. Addington, 588 S.W.2d 569, 570 (Tex. 1979).  “Capacity” means a patient’s ability to (1)
understand the nature and consequence of a proposed treatment, including the
benefits, risks, and alternatives to the proposed treatment, and (2) make a
decision whether to undergo the proposed treatment.  Tex. Health & Safety Code
Ann. § 574.101(1) (Vernon 2003). 
In making its findings, the trial court shall consider (1) the patient’s
expressed preferences regarding treatment with psychoactive medication, (2) the
patient’s religious beliefs, (3) the risks and benefits, from the perspective
of the patient, of taking psychoactive medication, (4) the consequences to the
patient if the psychoactive medication is not administered, (5) the prognosis
for the patient if the patient is treated with psychoactive medication, and (6)
alternatives to treatment with psychoactive medication.  Tex.
Health & Safety Code Ann. § 574.106(b) (Vernon Supp. 2007).

Analysis

            In
the application, Guidry stated that he believed E.G. lacked the capacity to
make a decision regarding administration of psychoactive medications because he
stated that he did not need the medications. 
He determined that if E.G. were not administered these medications, the
consequences would be morbidity or injury to himself from behavior driven by
his mental illness, such as snorting cocoa powder, Sweet’N Low®, and other items, if he was not searched daily to prevent
hoarding. He also believed the benefits of the psychoactive medications were in
E.G.’s best interest.  At the hearing,
Guidry stated that E.G. refused to accept medication voluntarily and that he
lacked the capacity to make a decision regarding the administration of
psychoactive medication.  Guidry
testified that the exhibit attached to the application sets forth the
classifications of medications that he wished to “access” and that treatment
with these medications is the proper course of treatment for E.G.  Further, he stated that if these medications
are used, E.G. will benefit and that these benefits outweigh the risks.  Guidry does not believe that E.G. will likely
regain competency unless he is treated with these medications.  However, Guidry did not explain what mental
illness E.G. suffered from or why he lacked the capacity to make a decision
regarding administration of psychoactive medication.  Guidry also did not testify that these
medications were in E.G.’s best interest. 

            We
note that nothing in the Texas Health and Safety Code regarding court ordered
administration of psychoactive medication authorizes a trial court to base its
findings solely on the physician’s application. 
See Tex. Health &
Safety Code Ann. § 574.101-.110 (Vernon 2003 & Supp. 2007).  Pleadings, such as the physician’s
application here, are not evidence that the statutory standard has been
met.  See id. § 574.031(e)
(Vernon 2003) (stating that the Texas Rules of Evidence apply to the hearing
for court ordered mental health services unless the rules are inconsistent with
the subtitle); In re E.T., 137 S.W.3d 698, 700 (Tex. App.–San
Antonio 2004, no pet.); see also Laidlaw Waste Sys. (Dallas), Inc. v.
City of Wilmer, 904 S.W.2d 656, 660 (Tex. 1995)(noting that, generally,
pleadings are not competent evidence, even if sworn or verified).

            Here,
there was no evidence at the hearing to support a finding that the proposed
medications are in E.G.’s best interest. 
See id. § 574.106(a-1). 
The only statement regarding E.G.’s best interest was in Guidry’s
application.  We determine that a
conclusory statement in the application, without any testimony from a physician
at the hearing, cannot produce in the mind of the trier of fact a firm belief
or conviction as to the truth of the allegations sought to be established.  Compare In re E.E., 224 S.W.3d
791, 794 (Tex. App.–Texarkana 2007, no pet.) (stating that the evidence
required to order temporary mental health services includes expert testimony
and evidence of the behavior of the proposed patient that provides the factual
basis for the expert opinion.)  This is
the State’s burden of proof.  See Addington,
588 S.W.2d at 570.  Further, there was no
evidence at the hearing regarding E.G.’s mental illness or why Guidry believed
E.G. lacked the capacity to make a decision regarding administration of
psychoative medications.  Again, a
conclusory statement in the application, without any testimony from a physician
at the hearing, cannot produce in the mind of the trier of fact a firm belief
or conviction as to the truth of the allegations sought to be established.  Compare In re E.E., 224 S.W.3d
at 794.  This is the State’s burden of
proof.  See Addington,
588 S.W.2d at 570. 

            Thus,
considering all the evidence in the light most favorable to the findings, we
conclude a reasonable trier of fact could not have formed a firm belief or
conviction that E.G. lacked the capacity to make a decision regarding
administration of the proposed medications and that treatment with the proposed
medications was in his best interest.  See
Tex. Health & Safety Code Ann.
§ 574.106(a-1); In re J.F.C., 96 S.W.3d at 266.  Consequently, the evidence is legally
insufficient to support the trial court’s findings based upon section 574.106
of the Texas Health and Safety Code. Having determined that the evidence is
legally insufficient, it is unnecessary for us to address E.G.’s argument that
the evidence is factually insufficient to support the trial court’s order.  See Tex.
R. App. P. 47.1.  We sustain E.G.’s
sole issue.

 

Conclusion

            Based
upon our review of the record, we conclude that the evidence is legally
insufficient to support the trial court’s order authorizing the administration
of psychoactive medication-forensic. Therefore, we reverse the
trial court’s order authorizing the administration of psychoactive
medication-forensic and render judgment denying the State’s
application for an order to administer psychoactive medication-forensic.

 








 

 

                                                                                                    BRIAN HOYLE   

                                                                                                               Justice

 

 

 

 

Opinion
delivered March 19, 2008.

Panel
consisted of Worthen, C.J., Griffith, J., and Hoyle, J.

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

(PUBLISH)